May it please the Court, R.A.L. basis for the petitioner, Hilario García Pérez. I would like to have two minutes for rebuttal, to reserve two minutes for rebuttal. The main issue in this case is the immigration judge's erroneous credibility determination, which is not supported by substantial evidence. This has been outlined in detail in the petitioner's her findings based on her own assumptions about how the Guatemalan Army works and how guerrillas in Guatemala operate. The big problem with the adverse credibility finding is that it tainted all of the other findings in the case. The immigration judge found that Mr. García Pérez was not persecuted based on any of the five statutory grounds. She found that the guerrilla were interested in him merely because they wanted to recruit him, and that according to Elias Zacharias, this is not a statutory ground for asylum. Elias Zacharias also provides that if the guerrilla is interested in an individual based on one of the statutory grounds, then that is a basis for asylum. The problem is that the immigration judge disregarded most, if not all, of Mr. García Pérez's testimony, and therefore she could not properly evaluate his political opinion claim. And I'm going to quote her. This is the- Counsel, hasn't the situation in Guatemala changed? Yes. So there's no longer fighting, there's no longer people who want a rebellion or want to take over the government. Hasn't that all been changed? Yes, and that is that she did address that issue. I'm sorry. No, that's okay. I can go straight to that. Her adverse credibility determination also tainted her findings in that issue. If someone has established past persecution, which Mr. García Pérez did establish if she had done a proper credibility determination, then the immigration judge cannot depend only on the State Department report to rebut the presumption of future persecution. She must make an individualized analysis of how the changed conditions affected Mr. García Pérez and his situation. Now she found most of his testimony not credible, so it's very hard to say that she actually was able to make an individualized analysis of his situation regarding the guerrilla. In addition to that, she ignored some of his testimony that affected this, or she did not mention it in her decision. I mean, he testified that even with the peace accords, there's no guarantee of peace in Guatemala. She relied on the country reports, those same country reports. He testified that even with the peace accord, there's no guarantee of peace and safety. Is he qualified as an expert to speak to that? Has he been to Guatemala? I mean, I understand he can say that, but to tell us because you should set aside, or we should set aside the adverse credibility determination, that doesn't mean that conclusory statements of that nature have to be accepted as fact. Correct, Your Honor, but there were other issues that she mentioned. First of all, in the country reports, which she relied on in finding that he did not have a future fear of persecution, says that the political violence remains high in Guatemala and that the guerrilla still use death threats, mines, and explosives. And an article that Mr. Garcia Perez submitted, the Profile of Asylum Claims in Country Conditions, specifically stated that although the number of guerrillas has declined markedly, the violent nature of the tactics has not changed. But again, regarding the presumption of future, well-founded fear of future persecution, the analysis of how his situation was affected by the guerrilla, because she did not properly analyze his testimony. He's been here since 1993. Isn't that correct? Correct. So we're talking about over 10 years. And his testimony was that His position is that they're still fighting and still pursuing people from that time to the present? In other words, if he went back, the people, the guerrillas would seize him? Is that his position? His position is that they would maintain an interest in him for individual reasons. And that's based on his testimony, which much of which he found was not credible. But he had, if I may go on with some of his testimony. If you established a well-founded fear, then you would have a presumption which they would have to rebut, which they could rebut with country conditions. But the IJ, having not found a well-founded fear, didn't apply the presumption. And therefore, we don't have a ruling on what she would do if the presumption had applied. But you don't get to that unless you first establish the past persecution. And my argument is that because of her adverse credibility finding, which is erroneous and not supported by substantial evidence, that her finding as to past persecution is also tainted. He was persecuted based on a political opinion imputed to him by the guerrilla, and based on his membership in a particular family. And the record... Who was persecuting him? Mr. Garcia Perez was, by the guerrilla in Guatemala, the UNRG. And the record contains many examples, much evidence of why they were persecuting him, at least in part for his political opinion. Well, but your brief is filled with references to something else. I read your opening brief, and the guerrilla forces begin to express an interest in Mr. Garcia because he was young and the guerrilla wanted to join their organization before he joined the military. After that, it goes on to his military experience and how useful he would be to them as a member of their military. His uncle refused to give him information. They were still interested in him because of his youth and because he could climb. I read your opening brief and everything here screams out they wanted him because he'd be a good guerrilla soldier. That's not the same as political opinion. They wanted him, they could want him for a variety of reasons. Well, can you show me where in your opening brief you pointed to the political reasons? Because I haven't found them. Okay. First of all, on page four, I discuss how his father worked with the civilian auto defense forces from 1982 to 1992. And nothing in that paragraph suggests that the treatment of him had something to do with his father. Okay. But later, I do talk about how the treatment of him had something to do with his father. That's on page. Well, I talked about it on page 17. His family had a history of anti-guerrilla activity. His father was a member of the civil auto defense force, which reported guerrilla activities to the army. And then your next sentence says, any reasonable fact finder would be compelled by that fact to conclude that this was based on a political opinion. Well, that's an argument. But just the fact that his father was a member of this one organization, it's kind of a big leap to say that there's no other reason they could possibly have pursued him except for the fact that his father was a member of that organization. Did they pursue any other member of his family based on that ground? Well, they did pursue two uncles and an aunt. But you told us they did that because the uncle wouldn't tell them and the aunt wouldn't tell them where he was because they wanted him to be in their military. Not solely for that reason. That was one of the reasons. I mean, the issue is that none of the reasons, none of the evidence and the information that he gave that could be a reason for being persecuted for political opinion was properly considered by the immigration judge. And that's why the findings are tainted. I would like to reserve two minutes for rebuttal. Does the court have any additional questions? See, something doesn't. It's probably me, so if you can correct me, I'd appreciate it. He had an uncle killed in 86. He didn't go into the service until 88. So why would they kill that uncle if he goes in the Army two years later and they kill him two years earlier?  They were interested in him. Yes, ma'am. He was 13 years old then. He went into the military at 15. This is two years before. He's 13 years old. They're killing his uncle because they won't tell him where a 13-year-old is? Well, they're also killing his uncle because they want to get him and involve him or because of his involvement with a family that is known to be anti-guerrilla, that is known to refuse to cooperate with him. The problem is you've got a better argument than is made because for some reason when the judge pushed your client to try to explain why they were killing his family, instead of saying that, and he obviously doesn't know the answer to that, but the judge kept trying to push him to give an explanation, and the explanation he gave is not a very good one and probably not the correct one. Instead of saying they were killing the members of my family because we belonged to a political group and had political views, he probably could have won the case. Instead, the judge was trying to get him to say there was a connection to him, so he said, irrationally, they were killing my family when I was 14 because they had political views. The problem is the explanation he gave, and I suppose it's only speculation on his part, but it's not one that would support a claim for political opinion. It apparently must have been one that he thought the immigration judge wanted to hear. But he did have evidence on the record that could support a claim that he was persecuted, at least in part, for political opinion and for his connection with his family. If you discount the reasons that he attributed to the guerrillas, and you attribute much more logical reasons to the guerrillas, then he has a better case. Or if you say there was a mixed motive, there could have been several motives, which is also a loss. If you said it was necessary to find a mixed motive, and maybe it is necessary to find a mixed motive, because the motive that he offers, that when he was 14 they were killing members of his family because of him, is not a logical motive at all. There must be some other motive. Which could have also been that his family was viewed as being anti-guerrilla, and he was part of that family. I mean, the problem is we don't know the motives, but the immigration judge's analysis does not include all of the evidence that he brought in, and therefore her findings that he was not persecuted on one of the statutory grounds are tainted because of the adverse credibility finding. Okay. I'd like to reserve, if you don't have further questions, I'd like to reserve the rest of the time for rebuttal. Okay. Thank you. May it please the Court. My name is Jennifer Parker. I'm from the Office of Immigration Litigation, and I represent the Attorney General in this matter. I'd like to start with the last part of the discussion with opposing counsel. The Court is correct that Petitioner's explanations just simply were not sufficient to establish any persecution on account of. And that's, I mean, that's, we're also, the government is also saying that the adverse credibility determination is absolutely dispositive of this case. But should that, should this Court find that it's not, Petitioner did not establish that he was persecuted on account of any protected ground? You know, if he had come up with some different explanation, possibly he could have, but unfortunately that's not the standard here. The standard is whether substantial evidence. Well, what about his facts rather than his explanation? Because to say to somebody why the guerrilla is persecuting you requires them to guess as to why they are. But what about the objective facts? If you have uncles, aunts, father, all kidnapped or killed, and you are yourself assaulted, doesn't that establish, by the guerrillas? Well, Your Honor, the objective facts, one of the most important objective facts is the letter he got from the guerrillas, which says, we want you because of your military expertise and your training in military. I mean, the guerrillas themselves give him their motive. Well, that's not the motive for killing the members of his family. Well, he states that they killed the members of his family because they wouldn't give information and because they wouldn't give support to the guerrillas. That's just speculation on his part. Yes, Your Honor, but Elias Zacharias does make clear that because motive is such an important, I mean, the statute makes motive extremely important. It's one of the grounds he must establish. He's got to present some evidence of motive, whether it's direct or circumstantial. And here, his evidence is that his aunt didn't give them food and his uncles didn't give them any assistance and didn't give them information. And his father was taken not because of any action in the civil defense, but because he was the oldest person there when they came to look for a petitioner. And it's always the guerrillas are coming to their houses to look for a petitioner, whether he's 13, 15, or whether he's done with the military. He states that every time the guerrillas came and that there were witnesses, his cousins were there that said that the guerrillas were looking for a petitioner because they wanted to recruit him, not because of his family's, he's never testified to anything that his family has been outspoken against the guerrillas or any political motivation. And, in fact, the guerrillas do state their motive, and he's got their motive in the letter that they sent him. Do you think the reason was that they killed his uncle when he was 14 because they wanted him in the army? If you find that credible, that's his testimony. And if it's not credible, then what? That was his speculation. That's his speculation, but he hasn't presented any. And if you reject that speculation, then what? The immigration judge doesn't have anything to go on. I mean, this Court has actually got non-immigration judges from making speculative decisions of their own. So the immigration judge is basing his decision on what petitioner testified, which is what this Court requires the immigration judges to do. If the immigration judge were to speculate against petitioner. How can you reject that it's not credible and then accept it for this purpose? Well, Your Honor, the immigration judge made an adverse credibility determination, which is dispositive of the case. However, the immigration judge, knowing how difficult it is to get those decisions by this Court, made an alternate decision. So at that point, the immigration judge in the alternate decision assumes everything is correct, and he goes by what or she goes by what the petitioner testified to and the evidence petitioner presented. The petitioner testified that the reasons that these gorillas showed up at his uncle's and aunt's homes was to recruit him, specifically him. And there was repeated testimony as to whether the gorillas were looking for a petitioner. It was always petitioner stating, and perhaps he's trying to embellish, but the problem is this is what he told the immigration judge, that he is so important because of his youth, his ability to climb trees, and because of his specialized military training, he's so important that the gorillas are focusing on his family to get information about him. Not to persecute his family, not because of their own political opinions or any opinions impeded to them, but because petitioner was so highly valued, because apparently the gorillas thought he'd make a great gorilla soldier. So the immigration judge did exactly what this Court requires him to do, and she did not speculate on other reasons the gorillas could have had for possibly going to his family. She based it on petitioner's own testimony and evidence presented, particularly the evidence that the gorillas sent him a letter stating that they wanted him because of his military training. Thank you. That said, I wanted to ask the Court, do you have any questions about the adverse credibility determination? The government's position is that that alone is enough to dispose of this case. If not, then the other reasons the immigration judge, the alternative reasons that the immigration judge gave are sufficient. The 1997 country reports support the immigration judge's determination that the petitioner did not have an objectively reasonable, well-founded fear of future persecution, and she did give individualized consideration to petitioner's case. She talked about the evidence of the ratification of the peace accords, the UNRG, which is the specific gorilla element the petitioner is stating, persecuted him, that they had disbanded, there's no evidence that they've ever gotten back together, and petitioners presented no evidence that that is occurring or will occur. She also talked about evidence that he was able to reside in the capital city for a month, that his family is able to remain in Guatemala without harm, and that his, at that time, five-year and now ten-year absence, undercuts any implication gorillas would still have any interest in him. So, ask any further questions, I'll sum up. In conclusion, the Court should affirm the decision of the Board and dismiss the petition for review based on petitioner's failure to establish eligibility for asylum and withholding with sufficient and credible evidence. Thank you. Because motive is so important in an asylum case, the immigration judge must consider all of the evidence in determining motive. The record contained much evidence that Mr. Garcia Perez was persecuted, the gorilla persecuted him for an imputed political opinion. His father's role in the Civilian Auto Defense Forces, which reported gorilla activity to the military in Santa Rosita for ten years, Santa Rosita was an area with lots of gorilla. The fact that the father was kidnapped by the gorilla in 1992 and is still missing at the time of testimony. The fact that relatives were killed by the gorilla. The fact that Mr. Garcia Perez had specialized training in the Army, that he knew Army secrets, that he was not willing to be a traitor to the Army. The fact that he mentioned in his application that he refused to desert the Armed Forces. The fact that he testified that he worked for a military brigade in a gorilla-infested area and he was involved in many combats, that implies combats with the gorilla. The fact that he went to great lengths to avoid joining the Army. He hid, he left the country, he fought against them. All of this evidence is in the record, but the immigration judge's adverse credibility determination, which is wrong, does not allow her to consider all of this evidence. Even though she later mentions she makes an alternate decision, she does not assume that everything was correct in the evidence. And she does not use that evidence in rendering her decision regarding the statutory grounds. Nor does she use it in giving an individualized analysis to whether or not Mr. Garcia Perez would face future persecution if he were to return to Guatemala. Thank you. Case just argued will be submitted. The court will take a brief recess before hearing the final oral argument of the morning.
judges: Reinhardt, Clifton, Weiner